# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **MATTHEW JONES,** | : | |
| | : | |
| | : | **C.A. No. K19C-09-024 NEP** |
| **Plaintiff,** | : | **In and For Kent County** |
| | : | |
| **v.** | : | |
| | : | |
| **DELAWARE STATE POLICE,** | : | |
| **THOMAS MACLEISH,** | : | |
| **NATHANIEL MCQUEEN, and** | : | |
| **JOSEPH PAPILI,** | : | |
| | : | |
| **Defendants.** | : | |

Submitted: October 17, 2019
Decided: November 19, 2019

## ORDER

Upon consideration of the complaint and motion to reconsider of Plaintiff Matthew Jones (hereinafter "Mr. Jones"), the Court finds as follows.

Mr. Jones is suing the Delaware State Police, Thomas Macleish, Nathaniel McQueen, and Joseph Papili (hereinafter the "Defendants") alleging, *inter alia*, that the Defendants, including individual officers of the Delaware State Police, repeatedly raped him and murdered daycare staff at "Country Kids Daycare" in Greenwood, Delaware. On October 8, 2019, the Court denied Mr. Jones's complaint without prejudice for failing to comply with the order from *Jones v. Dover Behavioral Health Systems and Dr. Khaled Mirza.*[1] In response, Mr. Jones filed a motion to reopen the case and filed an affidavit in support of his complaint, in an

---

[1] 2017 WL 3493118, at *2 (Del. Super. Aug. 9, 2017).

attempt to comply with said order.[2] Thus, the Court will vacate the prior dismissal that was without prejudice, and will now review the underlying complaint in the motion to reopen the case.

If the complaint is deemed to be legally frivolous, factually frivolous, or malicious, the Court must dismiss it.[3] A claim is factually frivolous where the factual allegations are "baseless, of little or no weight, value or importance, [or] not worthy of serious attention or trivial."[4] A claim is legally frivolous where it is "based on an indisputably meritless legal theory."[5] A claim is malicious when "designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims."[6]

Here, the complaint alleges that Defendants, including members of the Delaware State Police, have committed numerous crimes such as rape and murder. Mr. Jones claims, *inter alia*, that "[the Delaware State Police] attacked, injured, and killed daycare staff and citizens."[7] Mr. Jones also claims that "[a]ll of the children in [his Kindergarten section at Woodbridge E.C.E.C. school] were lined up in the cafeteria and instructed to pull down our pants and bend over. A crowd of pedophiles that included the police were lined up in the hallway and came in and did their bidding."[8] Mr. Jones claims that "police officers attended school as students with fake identifications."[9] By their actions, according to Mr. Jones, the police

---

[2] The Court notes that Mr. Jones complied with the Court's August 9, 2017, order in form only. The Court is not acknowledging that the facts contained within Mr. Jones's complaint are accurate, despite his assurances otherwise. Indeed, as discussed *infra*, the Court finds that Mr. Jones failed to comply with the Court's order.
[3] 10 *Del. C.* § 8803(b).
[4] *Id.* at § 8801(4).
[5] *Id.* at § 8801(7).
[6] *Id.* at § 8801(8).
[7] Pl.'s Compl. at ¶ 7, p. 8.
[8] *Id.* at ¶ 7, p. 9.
[9] *Id.* at ¶ 7, p. 12.

2

"reduced our class population to 86," and "[t]here were shootings and bomb threats" at the school.[10] During this time, according to Mr. Jones, many students were "beaten and raped."[11]

Mr. Jones claims that as a result of Defendants' actions, including the above, he has "been at risk for diabetes, heart disease, stroke, and sexually transmitted diseases."[12] He also claims that as a result of the above acts, he suffered from severe bodily lacerations, hair loss, and abnormal weight gain. Mr. Jones seeks "$2,000,000,000, for compensatory damages, including pain and suffering, and special damages, together with the costs of this action."[13]

Here, Mr. Jones's allegations are so incredible and so patently baseless that the Court is persuaded that they are factually frivolous. In addition, it appears to the Court that Mr. Jones intends to use the legal system to harass Defendants, and that his filings are abusive of the judicial process.

Pursuant to 10 *Del. C.* § 8803(e), a court may enjoin a litigant from filing future claims without leave of court. When the litigant has been enjoined, he must accompany any future claims with an affidavit certifying that:

> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
>
> (2) The facts alleged are true and correct;
>
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
>
> (4) The affiant has no reason to believe the claims are foreclosed by controlling law; and

---

[10] *Id.*
[11] *Id.*
[12] *Id.* at ¶ 7, p. 13.
[13] *Id.* at p. 17.

3

(5) The affiant understands that the affidavit is made under penalty of perjury.[14]

Here, Mr. Jones submitted an affidavit alleging that he complied with 10 *Del. C.* § 8803(e)(1-5) and this Court's order in *Jones v. Dover Behavioral Health Systems and Dr. Khaled Mirza.*[15] However, the Court finds to the contrary. Mr. Jones failed to comply with 10 *Del. C.* § 8803(e)(2) because his complaint contains baseless factual allegations that are clearly false, as discussed *supra.* Thus, Mr. Jones committed perjury because he lied to the Court when he stated that the facts of his complaint were true and correct.

Therefore, the Court finds Matthew Jones in Contempt of Court, and a sanction of $100.00 payable to the Kent County Prothonotary is imposed upon Mr. Jones. Mr. Jones is barred from filing any other complaints until all outstanding costs and fees are paid.

Accordingly, Mr. Jones's complaint is **DISMISSED** with prejudice and service of process shall not issue.

**IT IS SO ORDERED**.


 /s/Noel Eason Primos
 Judge



NEP/wjs
*Via File&ServeXpress and mail*
oc:    Prothonotary
xc:    Matthew Jones

---

[14] 10 *Del. C.* § 8803(e).
[15] 2017 WL 3493118, at *2 (Del. Super. Aug. 9, 2017).